**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **NITA FABRE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 1:19cv00258** |
| **LIBERTY LIFE ASSURANCE** | § | |
| **COMPANY OF BOSTON,** | § | |
| **Defendant.** | § | |

**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this, its Answer to Plaintiff's Original Complaint (the "Complaint") filed by Nita Fabre ("Plaintiff"), and states as follows:

1. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies the allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits the allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life admits this Court has jurisdiction over this action and venue of this action is proper in this Court. Liberty Life admits Plaintiff was, at certain times, a participant in the Centene Management Company Long Term Disability Income Plan ("the Plan"). Liberty Life admits that, at certain times, it was the insurer of benefits from the Plan through the Group Disability Income Policy Number GD3-850-290922-01 (the "Policy") issued to Centene Management Company ("Centene") by Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life admits Plaintiff was, at certain times, employed by Centene as a Case Manager II. Liberty Life admits Plaintiff's last day of work with Centene was on June 17, 2015.

Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits that Plaintiff was, at certain times, a participant in the Plan, and that, at certain times, benefits from the Plan were insured under the terms of the Policy. Liberty Life admits that Plaintiff submitted a claim (numbered 5557206) for benefits from the Plan under the Policy. Liberty Life admits Plaintiff, at certain times, received benefits from the Plan under the Policy. Liberty Life admits that it sent a letter dated May 10, 2017, to Plaintiff and refers to the letter itself for the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Liberty Life admits it issued the Policy to Centene with an effective date of January 1, 2013. To the extent that Paragraph 6 contains legal conclusions, Liberty Life is not required to answer. Liberty Life admits the Policy includes language pertaining to discretionary authority, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits that it received an appeal of the denial of Plaintiff's claim for benefits from the Plan under the Policy, along with additional documentation, but Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life admits that it sent a letter dated June 26, 2017, to Plaintiff's Counsel and refers to the letter itself for the best evidence of its contents. Liberty Life admits that Plaintiff exhausted administrative

remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Liberty Life admits this action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

Liberty Life denies all allegations contained in the Prayer of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject, in whole or in part, to an offset pursuant to the Policy, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Liberty Life reserves the right to assert additional defenses.

**PRAYER**

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated: May 17, 2019.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Greg Reed
Bemis, Roach & Reed, LLP
4100 Duval Road, Building One
Suite 200
Austin, Texas 78759
Email: greg@brrlaw.com

May 17, 2019 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers