Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213

MS. NITA FABRE

EXHIBIT

2

Liberty Mutual INSURANCE

Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-5855

June 26, 2017

Ms. Nita M. Fabre

RE: Long Term Disability (LTD) Benefits
Centene Management Company
Claim #: 5557206

Dear Ms. Nita Fabre:

We reviewed your appeal request for Long Term Disability ("LTD") benefits and maintained the decision to deny benefits beyond May 9, 2017.

**Initial Claim Decision**

You submitted a claim for your absence from work as of June 17, 2015, as a result of chronic pain syndrome and post laminectomy syndrome. LTD benefits were approved from December 19, 2015 through May 9, 2017. Benefits beyond May 9, 2017 were denied as the evaluation concluded you were no longer disabled as defined by the Policy.

The basis for the decision was outlined in a letter dated May 10, 2017. You were provided an opportunity to request an appeal review of the denial, stating the reasons why you felt that your claim should not have been denied, and submit additional information to support your claim. Specifically, you were advised to submit the following information: *All documentation from your treating providers that would show evidence that you do meet the definition of disability continuously from your own occupation, such as: test results with positive findings, such as an MRI or CT Scan, or, office visit notes that document physical exam findings, hospitalization records, lists of prescription medications with their start date/dosages, a detailed treatment plan which would outline a description of your specific restrictions and limitations, and any physical or occupational therapy records.*

**Appeal**

In your letter of appeal received on May 11, 2017, you indicated you are unable to sit for more than 30 minutes, stand for more than 5 minutes, and walk for more than 20 minutes. You utilize a walker, cane and motorized scooter at stores.

In support of your claim, you submitted a letter from Dr. Higginbotham which indicated you are afflicted with chronic pain. You have some relief from intermittent injection therapy and a palliative

spinal cord stimulator. However, you remain severely limited secondary to the long standing chronic pain.

On May 12, 2017, you confirmed no additional information would be submitted for your appeal.

**Appeal Evaluation**

During the claim evaluation of ongoing benefits, your claim was reviewed by Dr. Arlen Green, an independent physician who is board certified in physical medicine and rehabilitation. Based on his review of the medical records, Dr. Green concluded the medical records support post laminectomy syndrome, chronic pain syndrome, trochanteric bursitis, and lumbar radiculopathy. The records support the following restrictions and limitations are supported:

- Lifting and carrying not more than 10 pounds occasionally or 5 pounds frequently.
- Pushing and pulling not more than 10 pounds occasionally and 5 pounds frequently.
- Walking and standing 2 hours per day (combined), 10 minutes at a time
- Sitting unrestricted with a 10-minute break every 1-2 hours up to 8 hours per day.
- Squatting, kneeling, and crouching on an occasional basis.
- Bending and twisting restricted to rarely (less than 1/3 of the day).
- No climbing ladders and working at heights.
- No operating heavy equipment.
- Fingering, handling and feeling allowed on a constant basis.
- Reaching at the waist and overhead on a constant basis.
- Reaching below the waist on an occasional basis.

A copy of the review was forwarded to Dr. Cook, Dr. Debhenke, Dr. Higginbotham and Dr. Nolan. They were asked to review the report and respond if they disagreed with the findings. The providers did not respond; however, Dr. Higginbotham sent in additional records through March 27, 2017.

This information was forwarded to Dr. Green to review to determine if the additional information altered his previous conclusion. Dr. Green reviewed the additional information and opined the following restrictions and limitations are supported on a full time basis:

- Lifting and carrying not more than 10 pounds occasionally or 5 pounds frequently.
- Pushing and pulling not more than 10 pounds occasionally up to 1/3 of the day and 5 pounds frequently 1/3 to 2/3 of the day.
- Walking and standing combined for 10 minutes at a time up to 2 hours day.
- Sitting with a 10-minute break every 1-2 hours up to 8 hours per day.
- Squatting, kneeling, and crouching occasionally up to 1/3 of the day.
- Bending and twisting allowed on rarely (less than 1/3 of the day).
- No climbing ladders, working at heights, or operating heavy equipment.
- Fingering, handling and feeling allowed on a constant basis.
- Reaching at the waist and overhead on a constant basis.

During the review of your appeal, your claim was reviewed by Neil McPhee, an independent physician who is board certified in physical medicine and rehabilitation and diplomat in pain management. Dr. McPhee spoke with Dr. Higgenbotham to review your medical history and current level of function. Dr. Higgenbotham indicated you report not being able to sit for more than 20

minutes and has an increase in pain with standing. He indicated there are no findings to support the level of pain and restrictions in functionality. Based on his review of the medical records, Dr. McPhee concluded a degree of functional impairment is supported due to the implanted spinal cord stimulator. The following restrictions are supported on a sustained full time basis:

- Lifting/carrying 11-20 pounds occasionally and 1-10 pounds frequently,
- Bending/twisting/crawling/climbing occasionally,
- Ability to change positions from sitting to standing (such as with a sit-to-stand desk) as needed for comfort.
- No overall limit to total time sitting, standing, walking, squatting, or use of her upper extremities.

Your claim was previously reviewed by a vocational consultant, who completed an occupational analysis in order to identify the material and substantial duties of your occupation as it is normally performed in the national economy. The analysis showed your occupation as a Non-Direct Patient Care Nurse is most often performed at both the sedentary and light physical demand level.

The Department of Labor defines sedentary work as,

> "**S-Sedentary Work** - Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met."

Positional requirements at the sedentary level include:

- **Constant** sitting
- **Frequent** handling and fingering
- **Occasional** standing and walking
- **No** bending/stooping, twisting, kneeling, crouching/squatting, crawling, balancing, climbing, or reaching (reaching can be reduced or eliminated by moving objects within an ergonomically correct distance from the body)

Our role in reviewing your file is to determine whether your medical condition and the medical documentation contained in your file supports that you are unable to perform the material and substantial duties of your own occupation beyond May 9, 2017. We are not required to ensure the availability of this occupation or that you return to active employment with your former employer in the same or different position.

**<u>Conclusion</u>**

We conducted a thorough and independent review of your entire claim. In summary, we acknowledge that you may have continued to experience some symptoms associated with your condition beyond May 9, 2017. However, the information does not contain physical exam findings, diagnostic test results or other forms of medical documentation supporting your symptoms remained

of such severity, that they resulted in restrictions or limitations rendering you unable to perform the duties of your occupation after that date.

Having carefully considered all of the information submitted in support of your claim, our position remains that proof of your continued disability in accordance with the Policy provisions after May 9, 2017 has not been provided. Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

**Policy Provisions**

In order to continue receiving benefits, you must satisfy the requirements of all Policy provisions that state, in part:

*"**Disability**" or "**Disabled**" means:*

> *1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:*
> *i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation;*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Liberty Life Assurance Company of Boston (Liberty), and to submit any additional information you wished to be considered as part of the appeal. Liberty has conducted a full and fair review of your appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Liberty and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim. You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

Nothing in this letter should be construed as a waiver of any Liberty Life Assurance Company of Boston rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Liberty Life Assurance Company of Boston are based on the provisions outlined in Centene Management Company's Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities.

If you have any questions regarding this matter, please contact me.

Sincerely,

Kimberly Murray
Appeal Review Consultant
Phone No.: (888) 437-7611 Ext. 16399
Secure Fax No.: (603) 334-5855